UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIAN ALEXANDER BELL,

                Petitioner

   v.                                            **DECISION AND ORDER**
                                                    06-CR-113
                                                    07-CV-178

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is *pro se* Petitioner Julian Bell's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255. (Docket No. 18). Also before this Court is the government's Motion to Dismiss the petition. (Docket No. 19). For the reasons discussed below, Petitioner's motion is denied and the government's motion is granted.

## II. BACKGROUND

On April 14, 2006, Petitioner appeared before the Honorable John T. Elfvin, United States District Judge, executed a Waiver of Indictment, and pled guilty to a one-count Information charging him with illegal re-entry after having previously been deported, in violation of 8 U.S.C. § 1326(a). Under the terms of the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 21, and that Petitioner's criminal history category was II, which resulted in a Guidelines sentencing range of 41 to 51 months. (Docket No. 10, ¶ 11). This calculation included a 16 -level enhancement pursuant to section 2L1.2(b)(1)(A)(i) of

1

the United States Sentencing Guidelines, because Petitioner had previously been deported for a drug trafficking offense for which the sentence imposed exceeded 13 months. (Government Exhibit B, Petitioner's Criminal History, Docket No. 20, p. 8).

Included in the plea agreement is the Petitioner's acknowledgment that he:

> Agrees that the following specific offense characteristic does apply: The 16-level increase pursuant to Guidelines Section 2L1.2(b)(1)(A)(i) in that the defendant was deported after having been convicted of a drug trafficking offense for which the sentence exceeded 13 months.
>
> Agree[s] to the Sentencing Guidelines calculations set forth in the agreement, and neither party will advocate or recommend the application of any other Guideline, or move for any Guideline departure pursuant to Chapter 5K of the Sentencing Guidelines, except as specifically set forth in this agreement.
>
> [K]nowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3742 and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment.
>
> Both parties, however, reserve the right to seek a non-Guideline sentence and to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action. The government reserves the right to oppose any defense motion or request.
>
> Read the agreement, which consists of 13 pages. [He] had a full opportunity to discuss this agreement with [his] attorney, ROXANNE JOHNSON, Esq. [He] agrees that it represents the total agreement between [Petitioner] and the government...[Petitioner] fully agrees with the contents of this agreement.

(Docket No. 10, ¶¶ 7, 12(a), 12(b), 23, 25).

Petitioner appeared for sentencing on July 28, 2006, at which time his lawyer requested that Judge Elfvin impose a non-Guidelines sentence of 30 months. After hearing from all counsel and Petitioner, Judge Elfvin denied the request for a non-Guidelines sentence and imposed a sentence of 41 months imprisonment, the lowest end of the Guideline range. Petitioner did not appeal.

2

Petitioner filed the instant motion on April 3, 2007. After full briefing, the motion was submitted for decision on July 27, 2007. By Order dated October 17, 2007, this case was reassigned to this Court after Judge Elfvin retired from the bench.

### III. DISCUSSION

**A. Standard of Review**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

**B. Petitioner's § 2255 Motion**

Petitioner challenges the correctness of his sentence and argues that (1) his offense level was improperly calculated due to the increase of a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I), and (2) he received ineffective assistance of counsel. The

3

government opposes Petitioner's motion on the basis that he waived his right to collaterally attack his sentence, and, in any event, his arguments lack merit. These issues are addressed below.

### 1. Petitioner's Waiver of Rights

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)).

Moreover, a petitioner's waiver of his right to appeal or collaterally attack his sentence if it falls within an agreed-upon Guideline range, as in this case, must be given effect. It is well-settled in the Second Circuit that an individual's knowing and voluntary waiver of his right to appeal a sentence imposed within an agreed-upon Guideline range is enforceable. See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998) (per curiam).

Here, Petitioner waived his right to appeal or collaterally attack any sentence falling within or below the Guideline range. (Docket No. 10, ¶ 23). Therefore, because Petitioner's 41-month sentence falls within the applicable Guideline range, this challenge is foreclosed under the plain terms of the plea agreement. But the Second Circuit has

carved out an exception to the enforceability of the appeal waiver, holding that the waiver does not apply when a petitioner claims that he received ineffective assistance of counsel. See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); Hernandez, 242 F.3d at 113-14; Djelevic, 161 F.3d at 107.  Because Petitioner raises such a claim, this Court will proceed to the merits of his arguments.

    **2.**    **Petitioner's Claims**

Petitioner argues that his offense level was improperly calculated and that he received ineffective assistance of counsel, because his lawyer failed to correct this alleged error.

Petitioner received a 16-level enhancement in his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I) because Petitioner was previously deported after having been convicted of a drug trafficking offense for which the sentence exceeded 13 months.  Petitioner contends that this enhancement should not apply because his prior drug trafficking conviction occurred in 1989, more than 15 years before the criminal conduct that forms the basis of this case.

Petitioner's argument however, confuses the calculation of his offense level with the calculation of his criminal history category.  The 15-year bar that petitioner relies on is found in U.S.S.G. § 4A1.2(e)(1), and precludes use of a conviction that occurred more than 15 years prior to the criminal conduct for which the defendant is being sentenced for purposes of calculating the defendant's criminal history category.  No such limitation applies to U.S.S.G. § 2L1.2(b)(1)(A)(I), which pertains to the calculation of a defendant's offense level.  See United States v. Hildago-Macias, 300 F.3d 281, 286 (2d Cir. 2003); U.S.S.G. § 2L1.2, Application Note 1(B)(vii).  Petitioner's argument therefore fails.  And,

to the extent Petitioner's motion can be read to challenge the calculation of his criminal history category, this Court finds that the inclusion of Petitioner's 1989 conviction in his criminal history calculation was proper because Petitioner was incarcerated due to the conviction within the 15-year time period.  See U.S.S.G. § 4A1.2(e)(1); (Docket No. 20-3) (noting that Petitioner was released from prison on April 24, 1992 which is within 15 years of the offense conduct in this case, which occurred on December 18, 2005).

Finally, because there was no error in the calculation of the Petitioner's offense level or criminal history category, he did not receive ineffective assistance of counsel as he alleges.

Accordingly, Petitioner's Motion is denied in it's entirety.

### C.     Certificate of Appealability

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).  Petitioner has made no such substantial showing of the denial of a constitutional right in this case, and therefore his request for a certificate of appealability is denied.

### IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30

days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT IS HEREBY ORDERED, that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 18) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Government's Motion to Dismiss the Petition (Docket No. 19 in 06-CR-113; Docket No. 6 in 07-CV-178) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close both 06-CR-113 and 07-CV-178.

SO ORDERED.

Dated: February 16, 2009
       Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge